UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW SIMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-0948 |
| ) | Judge Trauger |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

Presently pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered November 20, 2008 (Docket Entry No. 55), to which the plaintiff has filed timely objections (Docket Entry No. 58).

### I. STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the Magistrate Judge's recommendations to which objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Rule 72(b)(3), Fed. R. Civ. P.

### II. ANALYSIS

#### A. The Magistrate Judge's Recommendations

The Magistrate Judge recommended that the defendant's motion for summary judgment (Docket Entry No. 41) be granted, that the plaintiff's claim against the sole remaining defendant, defendant CCA, be dismissed for failure to state a claim on which relief may be granted, that this action be dismissed with prejudice, that the dismissal of this action be counted as strike under 28

U.S.C. § 1915(g), and that any appeal not be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

The Magistrate Judge assumed for the sake of his analysis that the plaintiff's medical condition was sufficiently serious to satisfy the first half of the two-part test required to establish a claim under the Eighth Amendment for deliberate indifference. However, the Magistrate Judge ultimately concluded in his detailed and well-reasoned analysis that the plaintiff failed to satisfy the second half of that two-part test. More particularly, the Magistrate Judge concluded that: 1) the plaintiff received continuous medical care for his condition during the time frame at issue; 2) the plaintiff's treatment followed a logical progression in the manner in which it was prescribed; 3) because the CT scan – the test at issue – was negative, the plaintiff's course of treatment would not have been any different had the CT scan been prescribed earlier; 4) because a different course of treatment would not have been warranted had the CT scan been performed earlier, the plaintiff cannot show that his health was impaired, or that he suffered unnecessarily, because it was not; and 5) because the plaintiff had a CT scan previously, the plaintiff cannot show that defendant CCA has a policy of not prescribing CT scans "solely" for reasons of cost.

On the other hand, the Magistrate Judge determined that the plaintiff provided no evidence that defendant CCA has a policy of not prescribing CT scans based "solely" on considerations of cost, that his health was affected adversely, or that he suffered unnecessarily, because the CT scan was not prescribed earlier in his course of treatment. In short, the Magistrate Judge determined that the defendant failed to provide any evidence that defendant CCA was deliberately indifferent to his medical circumstances.

**B. Plaintiff's Objections to the R&R**

The plaintiff's burden in objecting to the R&R remains the same as it was when he responded to defendant CCA's motion for summary judgment, *i.e.*, the plaintiff must present evidence that there is a genuine issue of material fact. However, apart from rehashing the background of the case, and repeating his allegations against defendant CCA, including some claims that were dismissed previously, the plaintiff has made no effort to address the R&R itself. More particularly, the plaintiff has provided no evidence or legal argument that the Magistrate Judge erred in his conclusion that defendant CCA was entitled to summary judgment.

### III. CONCLUSION

After reviewing the record, including the R&R and the plaintiff's response thereto, the court is of the opinion that the Magistrate Judge's conclusions and recommendations are correct. Accordingly the R&R is **ACCEPTED**, and is **ADOPTED** as the findings of fact and conclusions of law of this court. For the reasons expressed in the R&R, and in this opinion, the plaintiff's claims against defendant CCA are **DISMISSED** with prejudice.

Entry of this order shall constitute the final judgment in this action.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge